IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET POND<br>on behalf of herself<br>and similarly situated employees,<br><br>   Plaintiffs,<br><br>v.<br><br>DOLLAR TREE, INC. | Civil Action No:  2:22-cv-488<br><br>Complaint-Class and Collective Action<br><br>Jury Trial Demanded<br><br>ELECTRONICALLY FILED |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, JANET POND ("Plaintiff" or "Ms. Pond"), individually and on behalf of all others similarly situation (collectively "Plaintiffs") through undersigned counsel, hereby files this Collective and Class Action Complaint against Defendant DOLLAR TREE, INC. ("Defendant" or "Dollar Tree"), and allege violations of the Fair Labor Standards Act of 1938 29 U.S.C. §§ 201, *et seq.;* the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, et seq. ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 et seq. ("PWPCL"), as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendant for violation of the FLSA, PMWA, and PWPCL.

2. Defendant Dollar Tree has engaged in systemic wage and hour violations against their employees incorrectly classified as managers. Defendant has caused, contributed to, and perpetuated unpaid wages through common policies, practices, including but not limited to common compensation and centralized-decision making.

3. Plaintiff's, and putative members of the Collective and Class action, primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the stores.

4. Plaintiff and putative members primary duty was nonmanagerial tasks, such as working the cash register, assisting customers and unloading stock, and stocking shelves.

5. By knowingly and intentionally, misclassifying these employees as managers, Defendant has categorically denied Plaintiff, and others who are similarly situated, overtime compensation and minimum wage, as required by state and federal wage laws.

## PARTIES

6. Plaintiff Janet Pond is a resident of the Commonwealth of Pennsylvania, residing in Allegheny County, Pennsylvania.

7. Defendant Dollar Tree, Inc., is a Virginia Corporation, headquartered at 500 Volvo Parkway Chesapeake, VA 23320.

8. Defendant operates a number of discount retail stores throughout the United States and Canada.

9. At all times relevant to this action, Dollar Tree was an employer as defied by the FLSA, PMWA, and PWPCL.

10. At all times relevant to this action, Dollar Tree employed Ms. Pond and putative class members.

11. At all times relevant to this action, Dollar Tree has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

12. Dollar tree has had, and continues to have an annual gross income of sales made, or business done, of not less that $500,000. 29 U.S.C. §203(s)(1).

## JURISDICTION AND VENUE

13. The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions. Subject matter jurisdiction over these claims arises under 29 U.S.C. § 216(b) and U.S.C. § 1331.

14. The PMWA and PWPCL each provide for a private right of action to enforce their provisions. This court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is property in this District pursuant to 28 U.S.C. §1390(b). The unlawful employment practices complaint of infra took place within this District and a substantial part of the events and omissions giving rise to Named Plaintiffs' claims occurred in this District. Further, Defendants regularly transact substantial business within this District.

## FACTUAL ALLEGATIONS

16. Plaintiff and Class and Collective action members were all employed by Dollar Tree as Store Managers.

17. Defendant employed Plaintiff and Class and Collective action members to perform tasks in furtherance of their retail chain business.

18. Plaintiff's primary job duty was not managing the enterprise or managing a customarily recognized department or subdivision of the company.

19. Though Plaintiff and Class and Collective action members were titled as Store Managers, their primary tasks were operating the cash register, unloading inventory, stocking the shelves, cleaning the store and assisting the customers in their purchases.

20. It was the job duty of the District Manager, to manage the store. The District Manager also determined employee's schedule, and was responsible for hiring and all firing at the store.

21. Defendant improperly classified Plaintiff and putative class and collective action members as "exempt" from the FLSA, refusing to pay them overtime for the hours that they worked over forty (40) in a workweek.

22. Defendant employed "Assistant Managers "who were allegedly below Store Managers at each location. These Assistant Managers were classified as hourly employees.

23. The primary duties of Plaintiff and putative class and collective action members were the same as those who were

24. However, Plaintiff was instructed by Defendant to not schedule an Assistant Manager for over forty hours per week, or else Defendant would be required to pay them overtime.

25. Plaintiff, and on information and belief, and putative class and collective action members, were often forced to work 60-70 hours a week, to complete the tasks assigned to Assistant Managers, which were not completed during their shifts.

26. This work was not management related, rather it consisted of operating cash registers, stocking shelves, unloading inventory shipments and assisting customers.

27. Defendant, by assigning work in this manner, is trying to circumvent the requirements of the FLSA, by classifying Store Managers as exempt, in order to deny them overtime compensation.

28. Plaintiff Ms. Pond routinely worked five (5) to (6) days per week. She was paid annual salary of $48,000, with the possibility of discretionary incremental bonuses if the store met sales projections.

29. Ms. Pond was scheduled for forty eight (48) hours every week, but actually worked fifty-five (55) to sixty-five hours per week (65). During the holidays, her working hours could exceed seventy (70).

30. Ms. Pond was directed by management, several times each week to start working before her scheduled shift and/or work after her scheduled shift so Defendant could avoid having to pay the other non-exempt employees overtime pay.

31. Upon information and belief, Class and Collective members were scheduled to work more than 40 hours each work week and therefore did routinely work more than 40 hours each work week.

32. Upon information and belief, Class and Collective members were also salaried employees, who received incremental bonuses.

33. Upon information and belief, Class and Collective Members were directed by management, several times each week to start working before their scheduled shift and/or work after her scheduled shift so Defendant could avoid having to pay the other non-exempt employees overtime pay.

34. Plaintiff was not paid time and one half for her hours over forty (40) in a workweek.

35. Class and Collective members were not paid time and one half for their hours worked over forty (40) in a workweek.

36. Defendant controls the terms and conditions of employment at Dollar Tree, including the terms and conditions of employment for Plaintiff, Class and Collective members.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures, resulting in unpaid wages earned by manager employees in Defendant's stores.

38. Defendant has engaged in systemic wage and hour violations against their employees incorrectly classified as managers. Defendant has caused, contributed to, and perpetuated unpaid wages through common policies, practices, including but not limited to common compensation and centralized-decision making.

39. Plaintiff, and members of the collective action, primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the stores.

40. Plaintiff and Collective members primary duty was nonmanagerial tasks, such as working the cash register, assisting customers and unloading stock, and stocking shelves.

41. Plaintiff brings Count I and Count for violations of the FLSA as a collective action pursuant to 29 U.S.C. 216(b) on behalf of all members of the FLSA Collection Action Class ("FLSA Collection Action Class"). The FLSA Collective Action Class is defined as follows:

> **All individuals who are or have been employed by Defendant as a General Manager from three (3) years prior to the filing date of this Complaint up**

**until this FLSA Collection Action Class is finally certified by the Court who have worked more than forty hours per week without being paid at overtime rates.**

42. Named Plaintiff seeks to represent all General Managers, who wish to opt-in, as described above, on a collective basis, challenging, among other FLSA violations, Defendant's common practice of misclassifying employees, failing to accurately record, pay for, all hours worked including overtime compensation. Defendants willfully violated the FLSA through their failure to properly pay Plaintiff and FLSA Collective Action Class all overtime hours they worked.

43. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the collective action.

44. The similarly situated employees are known to Defendants, are readily identifiable and may be located through Defendant's records. These similarly situated employees may be readily notified of this action through direct U.S. mail, email, and other appropriate means, as allowed to opt into it pursuant to 29 U.S.C. 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, and attorney's fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

45. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures, resulting in unpaid wages earned by manager employees in Defendant's stores.

46. Defendant has engaged in systemic wage and hour violations against their employees incorrectly classified as managers. Defendant has caused, contributed to, and perpetuated unpaid wages through common policies, practices, including but not limited to common compensation and centralized-decision making.

47. Plaintiff, and putative members of the collective action, primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the stores.

48. Plaintiff and putative members primary duty was nonmanagerial tasks, such as working the cash register, assisting customers and unloading stock, and stocking shelves.

49. Plaintiff brings Count III, Count IV, and Count V as a class action pursuant to F.R.C.P. 23 on behalf of all members of the Pennsylvania Class Action Class ("Pennsylvania Class"). The Pennsylvania Class is defined as follows:

    **All individuals who are or have been employed by Defendant as a General Manager from three (3) years prior to the filing date of this Complaint up until this Pennsylvania Class is finally certified by the Court who have worked more than forty hours per week without being paid at overtime rates.**

50. The members of the Pennsylvania Class are so numerous that joinder of all members is impactable.

51. Plaintiff will fairly and adequately represent and protect the interest of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigation class action and other complex litigation matters, including wage and hour cases, like this one.

52. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affective on individual Class members, including whether Defendants violated and continue to violate Pennsylvania law through its policy or practice of not paying proper wages to its employees.

53. Plaintiff's claims of typical of the claims of the Pennsylvania in the following ways: Plaintiff is a member of the Pennsylvania Class, Plaintiff and class members claims arise out of the same policies, practices, and course of conduct that form the basis of the Pennsylvania Class. Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances, there are no conflicts between the interests of the Plaintiff's and the Pennsylvania Class members, the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

54. Class certification is appropriate under F.R.C.P. 23 because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

55. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication or effort and expense that numerous individual actions would entail.

56. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendant's employment records. Prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to the individual Class Members that would establish incompatible standards of conduct for Defendants.

57. A class action is superior to other available methods for adjudication o this controversy because joinder of all members is impractical. The amounts at stake for the Defendant's employees, while significant, are not great enough to maintain separate suits against Defendant.

58. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff's and Pennsylvania Class. Plaintiff envisions no difficult in the management of this case as a Class action.

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME**

59. All previous paragraphs are incorporated as though fully set forth herein.

60. At all times relevant to this Complaint, Defendant was an employer under the FLSA 29 U.S.C. §203(d), subject to the provisions of 29 U.S.C. §§ 201 et. seq.; 29 C.F.R. § 791.2.

61. At all times relevant to this Complaint, Plaintiff's were "employees" of Defendant within the meaning of the FLSA  29 U.S.C. § 203(e)(1).

62. Plaintiff, Class and Collective members engaged in commerce or engaged in the production of goods for commerce, and were employed in an enterprise engaged in commerce or in the production of goods for commerce.

63. Pursuant to the FLSA 29 U.S.C. §207, an employer is required to supply all employees the federally mandated overtime premium rater of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per week.

64. Plaintiff and proposed Collective members are not exempt from the applicable provisions of the FLSA.

65. Plaintiff and members of the putative Collective and Class worked more than forty hours during a work week.

66. Defendant failed to pay Plaintiff, Collective and Class members overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours worked after the first forty (40) in any given week.

67. The failure of Defendant to pay Plaintiff and members of the putative Collective and Class of their rightfully owed overtime compensation was willful.

68. By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative Collective and Class in amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## COUNT II
### VIOLATION OF 29 C.F.R. § 516, *et seq.* FAILURE TO MAINTAIN REQUIRED RECORDS

69. All previous paragraphs are incorporated as though fully set forth herein.

70. 29 C.F.R. § 516.1 subjects every employer to maintain employee records.

71. The FLSA requires all employers to keep all payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). See 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

72. As Plaintiffs' employer, Defendant was subject to the FLSA's record keeping requirements.

73. Defendant's obligations were to maintain and preserve payroll or other records containing, without limitations, the total hours worked by each employee each workday and total hours worked by each employee each workweek. 29 C.F.R. § 516.2.

74. Upon information and belief, Defendant maintains corporate policies and/or practices of evading pay for its hourly employees by altering their time records and pay periods and failing to accurately record Plaintiffs' hours worked.

75. Defendant failed to maintain and preserve accurate timesheets and payroll records as required by 29 C.F.R. § 516.2.

76. When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192 (1946) is controlling.[1]

77. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with…the Act." *Id.*

78. As a result of the Defendant's recordkeeping violations, Plaintiff seeks declaratory judgment and an order that the *Anderso*n burden shifting framework applies in this case,

---

[1] [w]here the employer's records are inaccurate or inadequate…an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed.

**COUNT III**
**VIOLATION OF PENNSYLVANIA MINIMUM WAGE ACT 43 P.S. § 333.101, et seq.**
**FAILURE TO PAY MINIMUM WAGE**

79. All previous paragraphs are incorporated as though fully set forth herein.

80. The Pennsylvania Minimum Wage Act of 1968 requires that covered employees be compensated at a rate not less than the standard rate

81. The Pennsylvania Minimum Wage Act of 1968 requires that covered employees be compensated for all hours worked in excess of forty per week at a rate of at least one and one-half time the regular rate at which he or she is employed. See 43 P.S. § 333.104 (c) and 34 Pa. Code. § 231.41.

82. As described above Plaintiff and Pennsylvania Class were subject to Defendant's practice of not paying employees for all hours worked, including overtime.

83. Plaintiff and Pennsylvania Class were not properly compensated for hours worked at a rate equal to or above Pennsylvania's minimum wage.

84. Additionally, Plaintiffs and Pennsylvania class were not properly compensated for hours worked in excess of forty (40) hours per workweek.

85. Plaintiff and Pennsylvania Class were not compensated for the hours spent in engaging in non-exempt duties, such as unloading trucks, stocking shelves, and non-managerial tasks.

86. Plaintiff and Pennsylvania Class were non-exempt employees.

87. In violating the PMWA, Defendant acted willfully and with reckless disregard of the applicable provisions to the detriment of Plaintiff and the Class.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW43 P.S. §§ 260.1 et seq. FAILURE TO PAY WAGES

88. All previous paragraphs are incorporated as though fully set forth herein.

89. The Pennsylvania Wage Payment and Collection Law (WPCL) requires that an employer pay all wages due to its employees. 43 P.S. § 260.3.

90. Defendant has intentionally failed to pay wages due to employees for purposefully failing to pay employees for the true and correct number of hours they have worked; and failing to pay employees minimum wage and all other wages due.

91. Pursuant to 43 P.S. § 260.9 and 260.10, employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

92. Defendant does not have written authorization from Plaintiff or Pennsylvania Class Members to withhold, divert, or deduct any portion of his or her wages that concern this action.

93. Defendant violated Pennsylvania law by failing to pay Plaintiffs and the Pennsylvania Class for all compensable time and by failing to pay plaintiff and the Pennsylvania Class for work time, including overtime, at the established rate.

## COUNT V
## UNJUST ENRICHMENT

94. All previous paragraphs are incorporated as though fully set forth herein.

95. Defendant has received and benefitted from the uncompensated labors of Plaintiffs and Pennsylvania Class, such that to retain such benefit without compensation would be inequitable and unjustly enrich the Defendant.

96. At all times relevant hereto, Defendant, devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from plaintiffs and Pennsylvania Class without paying total compensation and overtime for hours worked.

97. Contrary to good faith and fair dealing, Defendant induced Plaintiffs and the Classes to perform work while failing to pay overtime and/or minimum wage compensation for all hours worked as required by law.

98. By reason of having secured the work and efforts of Plaintiffs and the Pennsylvania Class without paying overtime and full compensation as required by law, Defendant enjoyed reduced labor costs and consequentially additional earnings and profit to its own benefit.

99. Therefore, Plaintiffs and Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Janet Pond, on behalf of herself and all others similarly situated, requests an order for relief as follows:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order compelling Defendant to provide a full list of all current and former employees for the last three (3) years.

C. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Class members;

D. An order permitting this litigation to proceed as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of the Pennsylvania Class;

E. An order rescinding the "agent contract" for all Plaintiffs;

F. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the law;

H. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

I. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Janet Pond, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled case.

Respectfully Submitted,

**HARDIN THOMPSON, P.C.**

*/s/ Kenneth J. Hardin II*
Kenneth J. Hardin II, PA ID 58303
Ashley J. Giannetti PA ID 318376
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, Pennsylvania 15219
(412) 315-7195 / (412) 315-7386 (fax)